## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

**GEORGE HAWKINS**                                      **CIVIL ACTION**

**VERSUS**                                              **NO. 25-679**

**WESTBANK ARC, INC.**                                  **SECTION "O"**

### ORDER AND REASONS

Before the Court is Westbank ARC, Inc.'s Rule 12(b)(6) motion[1] to dismiss *pro se* Plaintiff George Hawkins's complaint[2] for employment discrimination. Plaintiff opposes[3] dismissal. For the following reasons, the motion to dismiss will be **GRANTED** but without prejudice to Mr. Hawkins's ability to amend his ADA claim if he can in good faith do so, as set forth below.

### I.    BACKGROUND

George Hawkins, *pro se* and *in forma pauperis*, sued Westbank ARC, Inc., alleging discrimination in employment based on disability—described as "lower back injury and full knee replacement"—under the Americans with Disabilities Act, 42 U.S.C. § 12112, *et seq.*[4]

In his form Complaint for Employment Discrimination, Mr. Hawkins asserts that, on October 14, 2024, Westbank ARC terminated his employment because of,

---

[1] ECF No. 6.
[2] ECF No. 1.
[3] ECF No. 13.
[4] ECF No. 1. As explained below, Mr. Hawkins submits with his opposition to Defendant's motion voluminous materials indicating perhaps various potentially disabling conditions for which he takes medication including bipolar disorder, schizophrenia, and mild mental retardation. ECF No. 13-1.

and additionally failed to accommodate, his physical disability.[5] As he explains it, Mr. Hawkins alleges that his physical disabilities resulted from a work-related accident. That is, Mr. Hawkins alleges that, nearly two years prior, on December 14, 2022, he "was working for Westbank ARC as a job coach driving the van to pick up other consumers to bring them to different job sites" when he "wrecked the van, which flipped over twice."[6] As a result of this work-related accident, Mr. Hawkins injured his right knee (which was surgically replaced) and lower back (for which he underwent a lumbar fusion).[7] For approximately two years, Mr. Hawkins's treating physician had restricted him from working.

When his doctor released him to work "full duty" on October 16, 2024, Mr. Hawkins alleges that he attempted to return to work for Westbank ARC but that he was unable to do so. He alleges that he was unable to do so because—unbeknownst to Mr. Hawkins—he had signed paperwork agreeing to resign from working for Westbank ARC during the course of settling a worker's compensation claim against them. In his own words, Mr. Hawkins alleges:

> Preston Wright told me I signed papers that I resign from Westbank ARC. Preston Wright said Robert Blackwell had me signing papers on September 10 that I will resign voluntarily from working with Westbank ARC. Also, I had an attorney by the name of Gregory Unger who had me sign settlement documents and also had my wife sign them as a witness. He did not go over the settlement documents with me. I asked Mr. Unger could I return back to work at Westbank ARC. He said yes I can, call him before.[8]

---

[5] Mr. Hawkins filed a charge with the Equal Employment Opportunity Commission and was issued a right to sue letter on February 20, 2025. See ECF No. 1-1.

[6] ECF No. 1.

[7] *Id.*

[8] *Id.*

Mr. Hawkins alleges that he "would have never signed those settlement documents" had he known their true meaning, *i.e.*, that he could not return to work for Westbank ARC.[9] He further alleges that: "I trusted Mr. Unger because he was my attorney. He did not read the forms to me so I would understand what I was signing."[10] Mr. Hawkins claims that—contrary to what was allegedly contained in the forms or settlement documents—he did not wish to resign from Westbank ARC.

Respecting alleged discrimination, Mr. Hawkins alleges that he had surgery following the work-related van accident in October 2024, and that "Westbank ARC discriminated against me. I fail to believe I was a liability to my company after my surgery. But Westbank ARC terminated my employment."[11] As redress, Mr. Hawkins seeks "court costs, filing fees, and $40,000.00 in damages for discrimination."[12]

Westbank ARC moves to dismiss Mr. Hawkins's lawsuit on the ground that Mr. Hawkins fails to state a plausible claim under the ADA. Mr. Hawkins opposes dismissal.[13]

---

[9] *Id.*

[10] *Id.*

[11] *Id.*

[12] *Id.*

[13] ECF No. 13. At first, Mr. Hawkins failed to respond to the motion to dismiss. However, it was unclear on the record whether Mr. Hawkins had been served with the motion to dismiss. To address this concern, Defendant moved to reset the submission date. ECF No. 9. The Court granted the motion and extended Mr. Hawkins's deadline to respond. ECF No. 10. Within the extended deadline, Mr. Hawkins requested an extension of time to respond, which the Court granted. ECF Nos. 11, 12. Mr. Hawkins timely filed his response within the extended deadline; accompanying his response are voluminous medical records. ECF Nos. 13, 13-1. No reply was filed.

## II.   LAW AND ANALYSIS

### A.  Legal Standards

#### 1.  Concessions Afforded *Pro Se* Litigants

It is well-established that the pleadings of *pro se* litigants must be construed liberally and reviewed less stringently than those drafted by attorneys. *Thorn v. McGary*, 684 F. App'x 430, 432 (5th Cir. 2017) (citing *Haines v. Kerner*, 404 U.S. 519, 520 (1972)). Nevertheless, even *pro se* litigants must brief their arguments, *Yohey v. Collins*, 985 F.2d 222, 224-25 (5th Cir. 1993), and they must also "comply with the rules of procedure and make arguments capable of withstanding [motions to dismiss or for] summary judgment." *See Thorn*, 684 F. App'x at 433 (quoting *Ogbodiegwu v. Wackenhut Corrs. Corp.*, 202 F.3d 265, 1999 WL 1131884, at \*2 (5th Cir. 1999) (unpublished, *per curiam*)). Simply put, "self-representation does not exempt a party from compliance with relevant rules of procedural and substantive law." *See Hulsey v. Tex.*, 929 F.2d 168, 171 (5th Cir. 1991) (quotations and citations omitted).

#### 2.  Rule 12(b)(6)

Rule 8(a)(2) requires "a short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2). A complaint that does not meet Rule 8(a)(2)'s pleading standard should be dismissed for failing to state a claim upon which relief can be granted. FED. R. CIV. P. 12(b)(6). "[T]he pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell. Atl. Corp. v. Twombly*, 550 U.S. 544,

555 (2007)). "A pleading that offers 'labels and conclusions' or 'a formulaic recitations of the elements of a cause of action will not do.'" *Id.* (quoting *Twombly*, 550 U.S. at 555). "Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Id.* (quoting *Twombly*, 550 U.S. at 557).

Ultimately, "[t]o survive a motion to dismiss" under Rule 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). Although courts "accept all well-pled facts as true, construing all reasonable inferences in the complaint in the light most favorable to the plaintiff, conclusory allegations, unwarranted factual inferences, or legal conclusions are not accepted as true." *Allen v. Hays*, 65 F.4th 736, 743 (5th Cir. 2023) (cleaned up).

In resolving a motion to dismiss, the Court is generally "limited to the contents of the pleadings, including any attachments thereto." *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498 (5th Cir. 2000) (citation omitted). However, there are two limited exceptions to this general rule in which the Court may rely on evidence beyond the complaint without converting a Rule 12(b)(6) motion into a Rule 56 motion for summary judgment. *George v. SI Grp., Inc.*, 36 F.4th 611, 619 (5th Cir. 2022) (citing *Walker v. Beaumont Indep. Sch. Dist.*, 938 F.3d 724, 735 (5th Cir. 2014)). First, the Court "may consider 'any documents attached to the motion to dismiss that are

5

central to the claim and referenced [or incorporated] in the complaint.'" *See PHI Grp., Inc. v. Zurich Am. Ins. Co.*, 58 F.4th 838, 841 (5th Cir. 2023) (citation omitted). Second, the Court may consider "a matter subject to judicial notice under Federal Rule of Evidence 201." *George*, 36 F.4th at 619.[14]

### 3. The Americans with Disabilities Act, 42 U.S.C. § 12101

The Americans with Disabilities Act (the "ADA"), 42 U.S.C. §§ 12101, *et seq.*, "is a federal antidiscrimination statute designed to remove barriers which prevent qualified individuals with disabilities from enjoying the same employment opportunities that are available to persons without disabilities." *Way v. City of Missouri City*, 133 F.4th 509, 516 (5th Cir. 2025) (quoting *Taylor v. Principal Fin. Grp., Inc.*, 93 F.3d 155, 161 (5th Cir. 1996)). The ADA prohibits covered employers from "discriminat[ing] against a qualified individual on the basis of disability." 42 U.S.C. § 12112(a). A qualified individual is one "who, with or without reasonable accommodation, can perform the essential functions of the employment position that such individual holds or desires." *Weber v. BNSF Ry. Co.*, 989 F.3d 320, 323 (5th Cir. 2021) (quoting 42 U.S.C. § 12111(8)). A "disability" includes "a physical or mental impairment that substantially limits one or more of the major life activities of such individual[.]" 42 U.S.C. § 12102(2).

---

[14] If the Court considers materials outside the pleadings which are not central to the claim or subject to judicial notice, then the motion to dismiss must be converted into a motion for summary judgment. *See* Fed. R. Civ. P. 12(d); *see also Kennedy v. Chase Manhattan Bank USA*, 369 F.3d 833, 839 (5th Cir. 2004). If conversion to summary judgment is appropriate, the Court must notify the parties, then consider all evidence presented. *See* Fed. R. Civ. P. 12(d); *see also Scanlan v. Texas A&M Univ.*, 343 F.3d 533, 536 (5th Cir. 2003).

The ADA expansively prohibits discrimination in employment against persons with a disability, providing:

> No covered entity shall discriminate against a qualified individual with a disability because of the disability of such individual in regard to job application procedures, the hiring, advancement, or discharge of employees, employee compensation, job training, and other terms, conditions, and privileges of employment.

42 U.S.C. § 12112(a). Discrimination under the ADA thus includes taking an adverse employment action against an employee because of that employee's disability. To state a claim for disability discrimination, the plaintiff must allege that he (1) has a disability or was regarded as disabled, (2) was qualified for the job, and (3) was subject to an adverse employment decision, such as termination, because of his disability. *Strife v. Aldine Ind. Sch. Dist.*, 138 F.4th 237, 248 (5th Cir. 2025) (citation omitted).

Discrimination under the ADA also includes "not making reasonable accommodations to the known physical or mental limitations of an otherwise qualified individual with a disability . . . unless such covered entity can demonstrate that the accommodation would impose an undue hardship on the operation of the business of such covered entity." 42 U.S.C. § 12112(b)(5)(A). The ADA defines "Qualified Individual" and "Reasonable Accommodation" as follows:

> (8) Qualified individual
> The term "qualified individual" means an individual who, with or without reasonable accommodation, can perform the essential functions of the employment position that such individual holds or desires. For the purposes of this subchapter, consideration shall be given to the employer's judgment as to what functions of a job are essential, and if an employer has prepared a written description before advertising or

interviewing applicants for the job, this description shall be considered evidence of the essential functions of the job.

(9) Reasonable accommodation
The term "reasonable accommodation" may include—
(A) making existing facilities used by employees readily accessible to and usable by individual with disabilities; and
(B) job restructuring, part-time or modified work schedules, reassignment to a vacant position, acquisition or modification of equipment or devices, appropriate adjustment or modifications of examinations, training materials or policies, the provision of qualified readers or interpreters, and other similar accommodations for individuals with disabilities.

42 U.S.C. § 12111.

To state a claim for failure-to-accommodate, the plaintiff must allege that: (1) he is a qualified individual with a disability; (2) the disability and its limitations were known by his employer; and (3) his employer failed to make reasonable accommodations for such known limitations. *Strife v. Aldine Ind. Sch. Dist.*, 138 F.4th 237, 245 (5th Cir. 2025) (citing *Amedee v. Shell Chem., L.P.*, 953 F.3d 831, 837 (5th Cir. 2020) (citing *Feist v. La., Dep't of Justice, Office of the Attorney Gen.*, 730 F.3d 450, 452 (5th Cir. 2013)).

### B. Mr. Hawkins Fails to State a Plausible ADA Claim.

#### 1. The Parties' Contentions

Westbank ARC moves to dismiss Mr. Hawkins's complaint against it for failure to state a claim on which relief may be granted. Specifically, Westbank ARC contends that Mr. Hawkins fails to allege that he is disabled, or that Westbank ARC failed to accommodate his disability, or that Westbank ARC terminated his employment because of Mr. Hawkins's disability. Furthermore, Westbank ARC contends that Mr.

Hawkins alleges that Westbank ARC did not terminate his employment but, rather, Mr. Hawkins resigned—indeed, Mr. Hawkins himself alleges that he apparently, albeit perhaps unknowingly, signed paperwork in which he agreed to resign from employment when his worker's compensation claim was settled.

In his response, Mr. Hawkins contends that he has been disabled since October 1, 1999 due to a long history of mental illness, bipolar disorder, schizophrenia, and mild mental retardation. Mr. Hawkins contends that he takes medication for these conditions. Mr. Hawkins offers additional history and provides voluminous medical records with his response. He contends that he crushed his L4 and L5 and had SI lumbar fusion in September 2000. In November 2011, Louisiana Rehabilitation Services found him the job at Westbank ARC, where he worked for 11 years before the van accident. It was that 2024 accident which caused a back injury so severe he had to have surgery and was unable to work for nearly two years.

At some point during that two-year period, Mr. Hawkins states that Mr. Wright (presumably of Westbank ARC) asked Mr. Hawkins when he would return to work. Mr. Hawkins advised that he was still under a doctor's care. When his doctor released him to work, Mr. Hawkins says he went to Westbank ARC to inquire as to when he could return to work part-time, as he did before his injury. "[T]hat's when Mr. Wright tells me I signed papers that I resigned[,]" Mr. Hawkins asserts, "[so] I questioned him about the paperwork can he show me what I signed because I was not aware and had no idea I signed resignation papers." In conclusion to his response to Defendant's motion, Mr. Hawkins contends, "[w]hen I took the back surgery and knee

replacement that's when Westbank ARC discriminated against me they look at me as being a liability to the company."

## 2. Analysis

To avoid dismissal, Mr. Hawkins must plead "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. Mr. Hawkins fails to state a plausible claim under the ADA. Even considering the additional contentions in his response as allegations, Mr. Hawkins fails to allege an ADA claim, either under a failure-to-accommodate theory or wrongful termination theory.

As a threshold matter, the Court notes that neither Mr. Hawkins nor Westbank ARC has submitted to the Court the alleged settlement documents to which Mr. Hawkins alludes in his complaint and in his response to the motion to dismiss. Accordingly, though the Court would be permitted to consider the same as ostensibly they are central to Mr. Hawkins's allegations in his complaint, the Court is restricted to Mr. Hawkins's allegations. However, in liberally construing Mr. Hawkins's *pro se* filings, the Court considers the response and materials provided to the Court as supplementary to his form complaint for employment discrimination.

The Court focuses on matters presented to it—Mr. Hawkins's complaint and response. Here, Westbank ARC has demonstrated—and the Court's own review of Mr. Hawkins's allegations as supplemented by his opposition and materials therein—that Mr. Hawkins fails to meet the pleading standards applicable to his ADA claims. Indeed, the facts Mr. Hawkins alleges defeat his ability to plead ADA claims. That is, the alleged facts do not suggest disability discrimination by Westbank ARC but,

10

instead, indicate that Mr. Hawkins resigned his employment in executed documents (albeit not provided to the Court) which doom his ability to state a claim for relief under the ADA.

*No Plausible Failure-to-Accommodate Claim*

First, Mr. Hawkins fails to allege any facts to support a failure-to-accommodate claim. As for the first element, in his form complaint, Mr. Hawkins alleges (albeit in conclusory fashion) that his disability concerned his knee and back injury following the van accident. It is unclear as a matter of law whether these injuries may render him a qualified person with a disability. However, even if the Court assumes that Mr. Hawkins may allege facts indicating that he is a qualified individual with a disability—with his disabling condition being either his knee and back limitations or any of the psychiatric limitations he identifies in his response to the motion to dismiss—he fails to allege facts that would support a finding that Westbank ARC failed to make reasonable accommodations for such known limitations. Nor does Mr. Hawkins allege that he requested an accommodation which Westbank ARC refused to provide.

Mr. Hawkins does not allege that any of his alleged psychiatric limitations were known to Westbank ARC. Rather, he alleges that he worked for Westbank ARC for 11 years and only stopped working as a result of the serious injuries he sustained in the work-related van accident and the two-year period of doctor-ordered work restrictions that followed. During that two-year period, Mr. Hawkins alleges that he was continuously under a doctor's care, underwent knee and back surgeries, and was

11

restricted from working. Mr. Hawkins does not allege that he was able to work or that Westbank ARC refused to make accommodations to allow him to work during the two-year period following the van accident. Instead, he alleges that he was not cleared to work because his doctor had not released him to work. The plausible inference from these facts is that Mr. Hawkins was not physically able to work (whether due to pain and/or sufficient recovery time following surgeries, etc.) during the relevant two-year period post-accident.

Furthermore, insofar as Mr. Hawkins alleges that it was when he was released to work at "full duty" that Westbank ARC refused to accommodate him, he fails to allege that his knee and back limitations rendered him disabled at that point. To the contrary, he had been cleared to work "full duty." The facts alleged thus defeat, rather than support, the elements of an ADA claim based on a failure-to-accommodate his disability. This claim must be dismissed.

*No Plausible Disability Discrimination Claim*

Second, and for similar reasons, Mr. Hawkins fails to allege a plausible ADA claim based on wrongful termination due to his disability. Again, Mr. Hawkins alleges that it was when he was released to work at "full duty" in October 2024 that Westbank ARC refused to accommodate him. As such, he fails to allege that his knee and back limitations rendered him disabled at that point. To the contrary, he alleges that he had been cleared to work "full duty." The facts alleged thus defeat, rather than support, the first element of an ADA disability discrimination claim.[15]

---

[15] And, again, insofar as Mr. Hawkins provided voluminous medical records indicating that he may be considered disabled or could conceivably be regarded as disabled based on his submission that

Moreover, Mr. Hawkins's allegations are self-defeating with respect to the third element of a disability-discrimination claim, *i.e.*, whether *he was subject to an adverse employment decision* such as termination *because of* his disability. Putting aside the issues identified with respect to whether Mr. Hawkins has plausibly alleged that he was disabled at the relevant time, Mr. Hawkins alleges that he signed settlement documents in which he "voluntarily resigned from working with Westbank ARC." His factual allegations on this issue must be taken as true: Mr. Hawkins resigned. On the other hand, Mr. Hawkins's purely conclusory allegations or legal conclusions—that Westbank ARC "discriminated" against him and "terminated his employment"—are not accepted as true under federal pleading standards. Because Mr. Hawkins alleges facts indicating that he resigned (albeit unbeknownst to him), he fails to allege facts indicating that Westbank ARC terminated his employment. He thus fails to state a plausible ADA disability discrimination claim. Furthermore, in failing to allege facts indicating that Westbank ARC terminated his employment, he necessarily fails to allege facts indicating that it took any action (much less termination of employment) *because of* Mr. Hawkins's ostensible disability. Mr. Hawkins thus fails to state an ADA claim for disability discrimination under a wrongful termination theory.

---

he is schizophrenic, bi-polar, mildly mentally retarded, and/or any other limitation indicated in his response submission, Mr. Hawkins does not allege that any of these alleged psychiatric limitations were known to Westbank ARC. Instead, he frames the physical limitations he suffered (or were exacerbated) by the van accident as rendering him disabled. This is ostensibly the disability alleged in his EEOC complaint as well as in the instant complaint. Accordingly, even if Mr. Hawkins had alleged facts satisfying the other elements of a disability discrimination claim, he nowhere alleges that Westbank ARC took adverse employment action against him because of any of the various alleged psychological conditions or diagnoses indicated by his response exhibits.

13

### C. Whether Leave to Amend Should be Granted.

Mr. Hawkins does not request leave to amend. And in response to Westbank ARC's motion, Mr. Hawkins resists dismissal of his complaint by doubling down on his history of disabling conditions. Even considering these materials and the additional assertions in his response, it does not appear that Mr. Hawkins can state a plausible ADA claim.

However, the Fifth Circuit has observed that—unless plaintiff has pleaded his "best case[, ] a *pro se* litigant should be offered an opportunity to amend his complaint before it is dismissed." *Brewster v. Dretke*, 587 F.3d 764, 767 (5th Cir. 2009) (citation omitted). This coupled with Rule 15(a)'s permissive standard for amendment, *see* Fed. R. Civ. P. 15(a) (leave to amend shall be "freely" given "when justice so requires"), persuades the Court that Mr. Hawkins should be granted leave to amend his complaint, *if* Mr. Hawkins believes he has not alleged his best case—that is, if Mr. Hawkins can allege facts that cure the deficiencies outlined in this Order and Reasons.

Leave to amend thus will be granted with the following caveat. It appears that the settlement documents Mr. Hawkins alludes to having signed on September 10 (of some unidentified year) would defeat his ability to state an ADA claim against Westbank ARC. If those documents clearly provide as Mr. Hawkins currently alleges—that is, if Mr. Hawkins voluntarily resigned from Westbank ARC—then it is unlikely that he could advance any allegations that would state a plausible ADA discrimination claim. If that is the case, Mr. Hawkins should not attempt to amend

his complaint because doing so would be futile and will not withstand a future motion to dismiss by Westbank ARC.

However, the Court was not provided with those settlement documents and Mr. Hawkins himself expresses a misunderstanding of those documents and/or distrust of his former attorney's advice and counsel regarding them. To that end, Mr. Hawkins's allegations in his complaint and his response indicate that he believes he may have a potential grievance against his former attorney who represented him during his worker's compensation claim and settlement following the accident which led to the disabilities of which he claims in the instant lawsuit. It is concerning that Mr. Hawkins believes that he was deceived by his former attorney and was not aware of or misunderstood the contents of the settlement documents he signed. However, issues concerning Mr. Hawkins's misunderstanding or his prior attorney's advice or deception are beyond the scope of the instant lawsuit. Here, the Court is limited to considering whether Mr. Hawkins has plausibly alleged an ADA discrimination claim against Westbank ARC. He has not. If Mr. Hawkins believes he can cure the deficiencies outlined in this Order and Reasons relating to an ADA claim against Westbank ARC, he may file an amended complaint within the deadline articulated below. If Mr. Hawkins fails to file an amended complaint, his ADA claims will be dismissed with prejudice. If an amended complaint is filed, Westbank ARC will have an opportunity to file responsive pleadings.

## III.   CONCLUSION

Accordingly, for the foregoing reasons,

**IT IS ORDERED** that Westbank ARC's Rule 12(b)(6) motion[16] to dismiss is hereby **GRANTED**.

**IT IS FURTHER ORDERED** that, no later than **April 9, 2026**, Mr. Hawkins may file an amended ADA complaint against Westbank ARC if he in good faith can advance factual allegations that remedy the deficiencies outlined in this Order and Reasons.

**IT IS FURTHER ORDERED** that, if Mr. Hawkins fails to file an amended complaint by April 9, 2026, his ADA claims will be dismissed with prejudice.

**IT IS FURTHER ORDERED** that, to protect the privacy of Mr. Hawkins's medical records, the Clerk is directed to place **UNDER SEAL** ECF No. 13-1.

New Orleans, Louisiana, this 13th day of March, 2026.

 

_____
BRANDON S. LONG
UNITED STATES DISTRICT JUDGE

---

[16] ECF No. 6.